UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| James Prentiss Coghill,<br><br>  Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>  Respondents. | CV 13-0268-TUC-DCB (JR)<br><br>**REPORT AND RECOMMENDATION** |

     Pending before the Court is James Prentiss Coghill's ("Coghill") Amended Petition for Writ of Habeas Corpus (Doc. 6) filed pursuant to 28 U.S.C. § 2254. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

I.     **Factual and Procedural Background**[1]

Following two jury trials, Coghill was found guilty of one count of attempted sexual exploitation of a minor under the age of fifteen and acquitted of the remaining fourteen counts of sexual exploitation of a minor. Ex. A at 1.[2]

On direct appeal, Coghill argued that the trial court erred under state law by (1) admitting his statement to the sheriff's deputy that his stack of CDs in his motor home contained "pornography," (2) admitting expert testimony by the forensic document examiner relating to handwriting analysis, (3) denying his request for a *Willits* instruction. *Id.* at 6, 9, and 13. The appellate court denied relief and affirmed the conviction and the disposition. *Id.* at 17. Coghill petitioned the Arizona Supreme Court for review but was denied. Exs. E-F.

Coghill filed a timely PCR notice and was appointed counsel to represent him. Exs. G-H. He later moved and was allowed to represent himself. Exs. I-J. Coghill filed his petition claiming that (1) the trial court lacked subject matter jurisdiction; (2) his conviction was based on false testimony; (3) the prosecutor made improper statements during closing arguments; (4) the appellate court erred by finding his challenge to the admission of his statement that he possessed pornography to be

---

[1] The factual summary of the Arizona Court of Appeals is accorded a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Moses v. Payne*, 555 F.3d 742, 746 n. 1 (9th Cir. 2009) (citing *Hernandez v. Small*, 282 F.3d 1132, 1135 n. 1 (9th Cir. 2002)).

[2] Unless otherwise indicated, all exhibit references are to the exhibits attached to the Respondents' Limited Answer to Petition for Writ of Habeas Corpus (Doc. 15).

without merit; (5) the offense was based on a non-existent statute; (6) the evidence was insufficient to sustain the conviction; and (7) the conviction was inconsistent with the verdicts of acquittal on the other charges. Ex. K at 5, 9, 12-13, 15, 17, 19.

The trial court found all but arguments 4 and 6 procedurally defaulted and precluded because Coghill had failed to raise them earlier. Ex. M at 4-6. With respect to argument 4, the erroneous appellate court ruling, the trial court ruled that it had no jurisdiction to review a decision of the court of appeals. *Id*. At 5. With respect to item 6, the sufficiency of the evidence claim, the trial court ruled that Coghill did not present a colorable claim. *Id*. At 6.[3] The court denied post-conviction relief. *Id*. at 7.

On appeal, Coghill reargued the claims in his PCR petition and reply. Ex. O. The appellate court denied relief finding that all of Coghill's claims, including the erroneous appellate court ruling argument and the sufficiency of the evidence claim, were procedurally defaulted and precluded for failure to raise them in earlier proceedings. Ex. P. The Court also agreed that Coghill's sufficiency of the evidence claim was meritless. *Id.* Coghill sought review by the Arizona Supreme Court but was denied. Ex. Q.

Petitioner commenced this action with the filing of his original petition on April 18, 2013 (Doc. 1) and later filed the now pending amended petition on August 22, 2013. (Doc. 6). The Court dismissed without prejudice Grounds One, Two,

---

[3]The court rejected Coghill's claim of ineffective assistance of counsel as it was raised for the first time in his reply. *Id*. at 6.

1   Three, Five and Six of the Amended Petition (Doc. 7) and ordered Respondents to
2   answer Grounds Four, and Seven through Eleven.

3   Ground Four of Coghill's petition argues that he did not receive a fair trial as
4   required by the 5th and 14th Amendments to the Constitution and Art. 2, § 4 of the
5   Arizona Constitution; Ground Seven asserts that the court erred in denying his
6   motion under Rule 20, Ariz.R.Crim.P.; Ground Eight argues that his verdict was
7   based in large measure on false testimony from Jacob Franks and cannot stand and
8   that he was denied due process of law under the 14th Amendment to the Constitution.
9   Ground Nine alleges improper statements from the prosecutor during closing.
10  Ground Ten asserts ineffective assistance of counsel; and Ground Eleven argues that
11  the court lacked subject matter jurisdiction to try the case due to the fact that the
12  indictment is factually deficient as a matter of law and any verdict rendered thereon
13  is a nullity.  Doc 6.

14  **II.      Exhaustion and Procedural Default**

15  Respondents contend that Coghill's inexcusably procedurally defaulted habeas
16  claims are precluded from federal review.  The Court agrees.

17  A state prisoner must exhaust his available state remedies before a federal
18  court may consider the merits of his habeas corpus petition.  *See* 28 U.S.C. §
19  2254(b)(1)(A); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999). "[A] petitioner
20  fairly and fully presents a claim to the state court for purposes of satisfying the
21  exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through
22  the proper vehicle, and (3) by providing the proper factual and legal basis for the

4

1  claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations
2  omitted).

3      Exhaustion requires that a habeas petitioner present the substance of his
4  claims to the state courts in order to give them a "fair opportunity to act" upon these
5  claims.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999).  "To exhaust one's
6  state court remedies in Arizona, a petitioner must first raise the claim in a direct
7  appeal or collaterally attack his conviction in a petition for post-conviction relief
8  pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), and then
9  present his claims to the Arizona Court of Appeals.  *See Swoopes v. Sublett,* 196 F.3d
10 1008, 1010 (9th Cir. 1999).

11     Additionally, a state prisoner must not only present the claims to the proper
12 court, but must also present them fairly.  A claim has been "fairly presented" if the
13 petitioner has described the operative facts and federal legal theories on which the
14 claim is based.  *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Rice v. Wood*, 44
15 F.3d 1396, 1403 (9th Cir. 1995).  "Our rule is that a state prisoner has not 'fairly
16 presented' (and thus exhausted) his federal claims in state court unless he specifically
17 indicated to that court that those claims were based on federal law."  *Lyons v.*
18 *Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d
19 904 (9th Cir. 2001).  A petitioner must alert the state court to the specific federal
20 constitutional guaranty upon which his claims are based, *Tamalini v. Stewart*, 249
21 F.3d 895, 898 (9th Cir. 2001), however, general appeals in state court to broad
22 constitutional principles, such as due process, equal protection, and the right to a fair

1 trial, are insufficient to establish fair presentation of a federal constitutional claim.
2 *Lyons*, 232 F.3d at 669.  Moreover, it is not enough that a petitioner presented to the
3 state court all the facts necessary to support an inadequately identified federal claim
4 or that a "somewhat similar" state law claim was raised.  *Baldwin v. Reese*, 541 U.S.
5 27, 28 (2004); *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000) (mere similarity
6 between a claim of state and federal error insufficient to establish exhaustion).
7 "Exhaustion demands more than drive-by citation, detached from any articulation of
8 an underlying federal legal theory."  *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th
9 Cir. 2005).

10     In Arizona, claims not previously presented to the state courts on either direct
11 appeal or collateral review are generally barred from federal review because any
12 attempt to return to state court to present them would be futile unless the claims fit
13 into a narrow range of exceptions.  *See Ariz.R.Crim.P.* 32.1(d)-(h), 32.2(a)
14 (precluding claims not raised on direct appeal or in prior post-conviction relief
15 petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty
16 days of trial court's decision).  Because these rules have been found to be
17 consistently and regularly followed, and because they are independent of federal law,
18 either their specific application to a claim by an Arizona court, or their operation to
19 preclude a return to state court to exhaust a claim, will procedurally bar subsequent
20 review of the merits of such a claim by a federal habeas court.  *Stewart v. Smith*, 536
21 U.S. 856, 860 (2002); *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (Rule
22

32, Ariz.R.Crim.P. is strictly followed); *State v. Mata*, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in postconviction proceedings).

A federal court may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate cause for his noncompliance and actual prejudice, or establish that a miscarriage of justice would result from the lack of review. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). To establish cause, a petitioner must point to some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004). "[C]ause is an external impediment such as government interference or reasonable unavailability of a claims factual basis." *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations omitted). Ignorance of the state's procedural rules or lack of legal training do not constitute legally cognizable "cause" for a petitioner's failure to fairly present a claim. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908-10 (9th Cir. 1986); *Schneider v. McDaniel*, 674 F.3d 1144, 1153 (9th Cir. 2012). "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996).

Alternatively, a federal court may review the merits of a procedurally defaulted claim where a petitioner can establish that a "fundamental miscarriage of justice" would otherwise result. *Schlup v. Delo*, 513 U.S. at 327. A fundamental miscarriage of justice exists when a constitutional violation resulted in the conviction of one who is actually innocent. *Id*.

Here, all of Coghill's claims were raised in his PCR action. The state court found that the claims were procedurally defaulted and precluded. Thus, his claims are technically exhausted and precluded from federal review under the independent and adequate state ground doctrine. *Stewart*, 536 U.S. at 860. To the extent that Coghill is attempting to raise claims that were not presented in the state court, those claims are unexhausted. *Castillo*, 399 F.3d at 998 n.3. Because waiver and preclusion rules are strictly applied in postconviction proceedings, any attempt by Coghill to return to state court to exhaust his habeas claims would be futile. *Mata*, 916 P.2d at 1050-52. Without an available remedy in the state court for his claims, all of Coghill's claims are exhausted and procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Coghill does not claim actual innocence or cause and prejudice with respect to any of his habeas claims. As such, the merits of his claims need not be addressed.

## III. RECOMMENDATION

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **deny** Coghill's Amended Petition for Writ of Habeas Corpus (Doc. 6).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

1   However, the parties shall have fourteen days from the date of service of a
2   copy of this recommendation within which to file specific written objections with the
3   District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the
4   Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within
5   which to file a response to the objections.  Replies shall not be filed without first
6   obtaining leave to do so from the District Court.  If any objections are filed, this
7   action should be designated case number: **CV 13-0268-TUC-DCB**.  Failure to timely
8   file objections to any factual or legal determination of the Magistrate Judge may be
9   considered a waiver of a party's right to *de novo* consideration of the issues.  *See*
10  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (*en banc*).

11   Dated this 18th day of August, 2015.

_____
Jacqueline M. Rateau
United States Magistrate Judge